UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| JOHN B. MCLAUGHLIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:08CV00060 ERW |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon John B. McLaughlin's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody [doc. #1] and John B. McLaughlin's Motion to Stay or Hold in Abeyance [doc. #6].

**I.   PROCEDURAL HISTORY**

On January 22, 2007, John B. McLaughlin ("Movant") was charged in an indictment with being a Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1). The Movant subsequently pled guilty to the indictment. The Plea Agreement included a stipulation of facts. This section of the Plea Agreement states that:

> On January 9, 2006, John B. McLaughlin had been convicted of the following crimes, each punishable by a term of imprisonment exceeding one year:
> (1) On January 8, 1999, in the Circuit Court of St. Charles County, Missouri, in Case Number CR197-3128FX, for the felony of Stealing; and
> (2) On August 22, 1995, in the Circuit Court of Madison County, Illinois, in Case Number 94-CF-500, for the felony of Burglary; and
> (3) On November 22, 2002, in the Circuit Court of St. Louis City, Missouri, in Case Number 991-1885, for the felony of Possession of Cocaine Base.

In his Plea Agreement, Movant also agreed to "waive all rights to contest the conviction or

sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C § 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel at the time of sentencing." On April 23, 2007, the Movant was sentenced to 110 months for being a Felon in Possession of a Firearm under 18 U.S.C. § 922 (g) (1). This Movant's sentence was enhanced by his prior convictions.

## II. EVIDENTIARY HEARING

The Court must hold an evidentiary hearing to consider claims in a 28 U.S.C. § 2255 motion "unless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief." *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994) (citing 28 U.S.C. § 2255). Thus, a petitioner is entitled to an evidentiary hearing "when the facts alleged, if true, would entitle [the petitioner] to relief." *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996) (quoting *Wade v. Armontrout*, 798 F.2d 304, 306 (8th Cir. 1986)). The Court may dismiss a claim "without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Shaw*, 24 F.3d at 1043. The Court notes that Movant's claims are inadequate on their face. Therefore, no evidentiary hearing will be held. *See Shaw*, 24 F.3d at 1043.

## IV. DISCUSSION

### A. *MOTION TO STAY*

Movant asks that the Court stay this action so that he can appeal the state felonies that enhanced his sentence. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") sets "a one-year statute of limitations on motions by prisoners seeking to modify, vacate or correct their federal sentences." *Anjulo-Lopez v. United States*, 541 F.3d 814, 817 (8th Cir. 2008) (citing

2

*Johnson v. United States*, 544 U.S. 295, 299 (2005)). This one-year period begins to run from the later of either "the date on which the judgment of conviction becomes final" or "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."[1] 28 U.S.C. § 2255(f). Under the AEDPA, if a state-court vacates the prior state conviction, the one-year period may be tolled only if the petitioner has shown due diligence in seeking the vacatur. *Johnson*, 544 U.S. at 298. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiDuglielmo*, 544 U.S. 408, 418 (2005) (citing *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990)).

The doctrine applies "only when some fault on the part of the defendant has caused the plaintiff to be late in filing, or when other circumstances, external to the plaintiff and are not attributable to his actions, are responsible for the delay." *Shoemate v. Norris*, 390 F.3d 595, 597 (citing *Flanders v. Graves*, 299 F.3d 974, 977 (8th Cir.2002)). This "doctrine is reserved for extraordinary circumstances, [and] it gives the plaintiff an 'exceedingly narrow window of relief.'" *Shoemate*, 390 F.3d at 597 (quoting *Jihad v. Hvassi*, 267 F.3d 803, 805 (8th Cir.2001)).

The evidence shows that Movant did not pursue his rights diligently. The United States Attorney's Office contacted the state court and state prosecutor's office prior to filing their response to the pending Motion on July 11, 2008. At that time, they were unable to find any record of a challenge. The Court later determined that Movant filed a Motion to Expunge Prior Convictions in the Madison County Circuit Court on October 24, 2008, which was over eighteen

---

[1] There are two other times when the period of limitations runs, but they are not applicable to this action. *See* 28 U.S.C. § 2255(f).

months after Movant's Judgment was entered. This certainly does not satisfy the requirement that Movant "[pursue] his rights diligently." *Pace*, 544 U.S. at 418 (citing *Irwin*, 498 U.S. at 96).

Additionally, Movant has not alleged any extraordinary circumstances that prevented him from seeking the vacatur of his prior convictions. Movant has failed to show that he pursued his rights diligently or that he faced any obstruction that kept him from properly filing a 28 U.S.C. § 2255 motion within the one-year statute of limitations required by the statute. *Id.* As a result, the Court will deny Movant's request that the Court stay this action.

## B. 28 U.S. C. § 2255 MOTION

Petitioner alleges that his sentence must be modified based upon the potential vacatur of his prior convictions. A defendant whose sentence is "enhanced for a prior conviction is entitled to a reduction if the earlier conviction is vacated." *Johnson*, 544 U.S. at 303 (citing *Custis v. United States*, 511 U.S. 485 (1994)). Movant filed a motion to expunge his burglary conviction in the Madison County Circuit Court on October 24, 2008.[2] On January 16, 2009, the Madison County Circuit Court denied Movant's request pursuant to 20 ILCS 2630/5, because "convictions cannot be expunged." As a result, Movant is not entitled to relief.

Movant also alleges ineffective assistance of counsel, arguing that his attorney was ineffective because he failed to object to the use of his prior convictions on the basis that they would be expunged. In *Strickland v. Washington*, the Supreme Court held that a showing of ineffective assistance of counsel requires a petitioner to demonstrate; (1) that counsel's performance was deficient in that "counsel made errors so serious that counsel was not functioning

---

[2] Movant has not presented the Court with evidence that he has filed motions to expunge any of his other prior felony convictions.

4

as the 'counsel' guaranteed by the Sixth Amendment," and (2) that "counsel's deficient performance prejudiced the defense." 466 U.S. 668, 687 (1984); *see also Auman v. United States*, 67 F.3d 157, 162 (8th Cir. 1995). The Court may address the two *Strickland* prongs in any order, and if a petitioner fails to make a sufficient showing of one prong, the Court need not address the other prong. *See Strickland*, 466 U.S. at 697; *Fields v. United States*, 201 F.3d 1025, 1027 (8th Cir. 2000) ("If we can answer 'no' to either question, then we need not address the other part of the test.").

Movant's argument fails to satisfy the first prong of the *Strickland* test because, if, at the time of sentencing "a prior conviction has not been set aside on direct or collateral review, that conviction is presumptively valid and may be used to enhance the federal sentence."[3] *Daniels v. United States*, 532 U.S. 374, 382 (2001). Movant's counsel did not raise an objection to the prior convictions because they were valid at the time. An attorney's performance cannot be deficient for not objecting to the use of a prior presumptively valid conviction to enhance a defendant's sentence. Counsel's performance was not deficient because it did not fall below professional standards. Based on these facts, counsel's decision not to object to the use of the prior convictions during sentencing was competent and reasonably professional judgment. Movant's counsel was not ineffective, and Movant is not entitled to relief.

Accordingly,

**IT IS HEREBY ORDERED** that Movant's Motion Under 28 U.S.C. § to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [doc. #1] is **DENIED.**

---

[3] An exception exists where the prior conviction was obtained in violation of the right to counsel, however, Movant does not allege any violation of his right to counsel in those proceedings. *See Daniels*, 532 U.S. at 382.

**IT IS FURTHER ORDERED** that Movant's Motion to Stay or Hold in Abeyance [doc. #6] is **DENIED.**

Dated this 12th day of June, 2009.

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE